UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GURWINDER SINGH, | ) | CASE NO. 3:22-CV-1612 |
| Petitioner, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| ROBERT LYNCH, JR., *et al.*, | ) | **ORDER** |
| Respondents. | ) | |

Currently pending before the Court is Respondents Robert Lynch, Jr., Merrick Garland, and Alejandro Majorkas' motion to dismiss Petitioner Gurwinder Singh's petition for habeas corpus for lack of subject matter jurisdiction. (*See* Doc. No. 3.) Singh has not filed an opposition and the time for doing so has passed. For the reasons that follow, the Court GRANTS Respondents' motion.

On February 24, 2016, Singh was ordered removed from the United States. (Doc. No. 1 at PageID# 4.) On March 2, 2022, Singh was taken into immigration custody. (*Id.*) Singh filed his petition pursuant to 28 U.S.C. § 2241 requesting release from immigration detention on September 12, 2022. (*Id.* at PageID# 1.) Singh's sole claim for relief was to be released from immigration custody pending his removal. (*Id.* at PageID# 7.) Singh was removed to India on November 1, 2022. (Doc. No. 4 at ¶ 4.) On November 29, 2022, Respondents filed their motion to dismiss for lack of subject matter jurisdiction arguing that dismissal is appropriate because Singh was removed from the United States on November 1, 2022. (*See* Doc. No. 3 at PageID# 28; Doc. No. 4 ¶ 4.)

Generally, in order for a district court to have jurisdiction over a petitioner's habeas claims, the petitioner must be in custody. *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). A petition for writ of habeas corpus challenging ongoing government detention pending removal is rendered moot by the petitioner's removal from the United States. *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004); *see also Ibrahim v. Sessions*, No. 4:18-CV-122, 2018 WL 3548827, at *1 (N.D. Ohio July 24, 2018) ("Because Petitioner has been removed from the United States and therefore released from ICE custody, no live case or controversy exists over which a district court may assert jurisdiction."). Because Singh was successfully removed from the United States on November 1, 2022, his sole claim for relief is no longer a live controversy which this Court has jurisdiction. *See, e.g.*, *Conteh v. Barr*, No. 4:18-CV-1357, 2019 WL 1440870, at *1 (N.D. Ohio April 1, 2019) (adopting report and recommendation granting government's motion to dismiss because petitioner's claim was moot upon his deportation).

For those reasons, the Court GRANTS Respondents' motion to dismiss (Doc. No. 3). Singh's petition for writ of habeas corpus (Doc. No. 1) is DENIED and hereby dismissed.

**IT IS SO ORDERED.**

Date: February 3, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE